IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER J. DEANGELO,           :
                                   :
          Petitioner,              :
                                   :
     v.                            :     Civil Action No. 09-27-JJF
                                   :
PERRY PHELPS, Warden, and          :
ATTORNEY GENERAL OF THE            :
STATE OF DELAWARE,                 :
                                   :
          Respondents.             :

_____ _____ _____

Christopher J. DeAngelo.  Pro Se Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

_____ _____ _____

**MEMORANDUM OPINION**

July ___, 2010
Wilmington, Delaware

Farnan    District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Christopher J. DeAngelo ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

## I. RELEVANT PROCEDURAL BACKGROUND

In April 2000, after a fifteen day jury trial in the Delaware Superior Court, Petitioner was convicted of second degree murder and possession of a deadly weapon during the commission of a felony in connection with the murder of William Perez.[1] The Delaware Superior Court sentenced Petitioner to twenty years at Level V imprisonment, suspended after fifteen years for decreasing levels of supervision on the murder conviction, and to fifteen years at Level V incarceration on the weapons possession conviction. On appeal, the Delaware Supreme Court affirmed Petitioner's conviction for second degree murder, but vacated the weapons possession conviction because the statute of limitations had expired. In light of this decision, the Delaware Supreme Court remanded the matter to the Delaware Superior Court for the re-sentencing of Petitioner. DeAngelo,

---

[1]    The facts related to the murder are set forth in DeAngelo v. State, 795 A.2d 667 (Table), 2002 WL 714294, at *1 (Del. Apr. 22, 2002).

1

2002 WL 714294, at *5.

On June 7, 2002, the Superior Court re-sentenced Petitioner to twenty years at Level V imprisonment, suspended after fifteen years for decreasing levels of supervision. State v. DeAngelo, 2002 WL 1308359 (Del. Super. Ct. June 7, 2002). The Delaware Supreme Court affirmed Petitioner's revised 2002 sentence on May 27, 2003. DeAngelo v. State, 825 A.2d 838 (Table), 2003 WL 21321719 (Del. May 27, 2003).

On June 11, 2003, Petitioner filed in the Delaware Supreme Court a motion for reargument of its May 27, 2003 decision. The Delaware Supreme Court denied the motion for reargument on June 19, 2003. (D.I. 18, Appellant's App. in DeAngelo v. State, No. 255,2004)

On February 23, 2004, Petitioner filed a petition for writ of habeas corpus in the Delaware Superior Court. The Superior Court denied the petition on March 4, 2004. The Delaware Supreme Court affirmed that decision, but remanded the matter and directed the Superior Court to enter a new sentencing order expressly vacating the weapons conviction. DeAngelo v. State, 870 A.2d 1191 (Table), 2004 WL 3248441 (Del. Mar. 22, 22004). On March 24, 2005, the Superior Court re-imposed its previously ordered sentence, but added a note expressly vacating the weapons conviction.

2

On September 9, 2005, Petitioner filed a second state petition for writ of habeas corpus. The Superior Court denied the writ on September 12, 2005.

On October 26, 2005, Petitioner filed a third petition for writ of habeas corpus. The Superior Court denied Petitioner's application for a third writ on October 27, 2005. (D.I. 16, at p.4.)

On June 13, 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Court Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied the Rule 61 motion in August 2007. State v. DeAngelo, 2007 WL 2472262 (Del. Super Ct. Aug. 28, 2007). However, the Delaware Superior Court vacated its August 2007 order, because Petitioner had not yet filed his reply brief when the decision was rendered. After providing Petitioner the opportunity to file a reply, the Delaware Superior Court denied Petitioner's Rule 61 motion on November 14, 2007. The Delaware Supreme Court affirmed that decision on October 7, 2008, and denied reargument on December 22, 2008. DeAngelo v. State, 962 A.2d 916 (Table), 2008 WL 4489252 (Del.)

In April 2004, while Petitioner was collaterally challenging his state criminal conviction, he filed a lawsuit in this Court pursuant to 42 U.S.C. § 1983 relating to his state criminal case. The Court dismissed Petitioner's § 1983 Complaint as frivolous on

November 15, 2005. DeAngelo v. Brady, 2005 WL 3069651 (D. Del.) The Third Circuit affirmed the Court's decision on June 19, 2006. DeAngelo v. Brady, 185 F. Appx. 173 (3d Cir. 2006).

## II. DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in January 2009, asserting eleven grounds for relief. (D.I. 2.) Respondents filed an Answer requesting the Court to dismiss the Petition as untimely, or alternatively, because the claims are procedurally defaulted or fail to satisfy § 2254(d). (D.I. 16.) As explained below, the Court will deny the Petition as time-barred.

### A. One Year Statute Of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was

4

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, dated 2009, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. The Court cannot discern any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Petitioner's direct appeal of his re-imposed sentence on May 27, 2003, and denied his motion for reargument on June 19, 2003. Petitioner did not seek certiorari review in the United States Supreme Court, and therefore, Petitioner's conviction became final on September 17, 2003.[2] See Sup. Ct. R. 13(3)("if a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of the rehearing.") Applying the one-year limitations period to that

---

[2] The State has failed to mention the existence of Petitioner's motion for reargument to the Delaware Supreme Court and its effect on analyzing the timeliness of the instant Petition.

5

date, Petitioner had until September 17, 2004 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90-day period for seeking review in the Supreme Court.); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed the instant Petition on January 2, 2009. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date). As a result, the Petition was filed approximately four and one-half years after the expiration of the AEDPA's limitations period. Accordingly, the Court concludes that the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the

6

application for collateral review is filed prior to the expiration of the AEDPA's one-year limitations period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period).

In this case, Petitioner filed his first state petition for a writ of habeas corpus on February 23, 2004. At that time, 159 days of the AEDPA's filing period had already expired. Although the State does not concede that Petitioner's state habeas petition constitutes an "application for collateral review" triggering statutory tolling as contemplated by § 2244(d)(2), the State does assume "for the purpose of argument that [Petitioner's] state petition for an extraordinary writ did constitute a properly filed application for collateral review for purposes of 28 U.S.C. § 2244(d)(2)" pursuant to Kindler v. Horn, 542 F.3d 70, 77-78 (3d Cir. 2008), vacated on other grounds sub. nom., --- U.S. ----, 130 S.Ct. 612 (2009). (D.I. 16, at p.6 n.3.) The Court will also assume that the state habeas petitions filed in Petitioner's case trigger statutory tolling under Kindler. Accordingly, the first state habeas petition tolled the limitations from its filing on February 23, 2004, through April 25, 2005, which was the last day of the thirty-day period during

7

which Petitioner could have appealed the Superior Court's re-sentencing order issued March 24, 2005.

The AEDPA limitations clock started running again on April 26, 2005, and continued to run another 137 days until Petitioner filed his second state petition for a writ of habeas corpus on September 9, 2005 (C.A. No. 05M-09-024). The Superior Court denied the petition on September 12, 2005.

Petitioner and the State disagree on the procedural events following the Superior Court's September 12, 2005 denial of the second state habeas petition. According to Petitioner, the Delaware Supreme Court granted him permission to file an appeal out of time, and he filed an appeal of the denial of his second state habeas petition on November 21, 2005.[3]  Petitioner contends that because he was granted permission to untimely appeal, his notice of appeal was "properly filed" for statutory tolling purposes. Thus, Petitioner maintains that the second habeas petition tolled the limitations period from its filing on September 9, 2005, through April 26, 2006, the date on which the Delaware Supreme Court issued its mandate granting Petitioner's voluntary dismissal of the second state habeas petition.

---

[3]     If a notice of appeal for the second habeas petition was filed on November 21, 2005, that notice would have been untimely because it was filed more than thirty days after the Superior Court's September 12, 2005 denial of the second habeas petition. Thus, the untimely notice of appeal would not act to continue the statutory tolling triggered by the second habeas petition because, it was not "properly filed" for § 2244(d)(2) purposes.

8

If Petitioner's argument is accepted[4], then there would have been sixty-nine days left in the AEDPA's limitations period when the limitations clock started to run again on April 27, 2006. By the time Petitioner filed his Rule 61 motion on June 13, 2006, another forty-seven days of the period would have lapsed, leaving twenty-two days in the limitations period. The Rule 61 motion would have tolled the limitations period through December 22, 2008. Thus, according to Petitioner's arguments, the instant Petition filed on January 2, 2009, would have been timely because there were thirteen days remaining in the limitations period.

---

[4]     Even if Petitioner was granted permission to file an out-of-time appeal from the September 2005 decision, the Court disagrees with Petitioner's contention that the limitations period should be tolled for the entire period from September 9, 2005 through April 26, 2006. The Federal Courts addressing this particular aspect of statutory tolling have held that granting an out-of-time post-conviction appeal does not erase the time-period during which there was no application for post-conviction review pending before the state courts. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000); McMillan v. Sec'y for Dept. of Corrs., 257 Fed. Appx. 249, 252 (11th Cir. Dec. 6, 2007)(collecting cases from the 5th, 7th and 10th Circuits); Fenton v. McNeil, 2008 WL 5787670, at *5 (S.D. Fla. Sept. 29, 2008). The Court is persuaded by the rationale of these courts, because it is consistent with the principles articulated by the United States Supreme Court in Evans v. Chavis, 546 U.S. 189, 191 (2006), namely, that "the time [] an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the notice of appeal is timely under state law." Consequently, even if the Delaware Supreme Court granted Petitioner permission to file an out-of-time appeal, the time from October 19, 2005 through October 26, 2005 would have to be excluded from Petitioner's overall statutory tolling calculation.

9

Having thoroughly reviewed the record, however, the Court finds no support for Petitioner's argument that the Delaware Supreme Court granted him permission to file an appeal out of time. Petitioner supports his argument with a copy of a Delaware Superior Court docket for a "miscellaneous habeas corpus," No. 05M-09-0241; however, that docket sheet does not indicate that the Delaware Supreme Court granted Petitioner permission to file an untimely notice of appeal. Rather, the "miscellaneous habeas corpus" docket sheet contains only three entries: (1) an entry for September 9, 2005 indicating the filing of the petition for writ of habeas corpus; (2) an entry for September 12, 2005, explaining that the Superior Court denied the petition; and (3) an entry for December 7, 2005, indicating the filing of a notice of appeal on November 21, 2005, from the order denying the habeas corpus on September 9, 2005. (D.I. 20, at p. 19) No entry indicates that his untimely appeal was filed with permission. In addition, the Delaware Supreme Court's April 26, 2006 mandate granting Petitioner's motion to voluntarily dismiss the appeal fails to clarify whether Petitioner was granted permission to file the untimely appeal in the first instance. (D.I. 18, DeAngelo v. State, Case No. 574,2005, "Motion Under Rule 29(a) Voluntary Dismissal.")

Further, Petitioner has provided over 500 pages of supporting documentation and exhibits with respect to his

10

limitations argument and the substantive claims asserted in his
Petition. However, none of the voluminous Delaware State Court
documents provided by Petitioner include a copy of an order
issued by any Delaware State Court granting him permission to
file an out-of-time appeal from his September 2005 habeas
petition. In addition, Petitioner has only provided the Court
with truncated versions of the State Court Dockets directly
related to any such appeal.

In sum, the Court concludes that Petitioner has failed to
establish that the Delaware Supreme Court granted him permission
to file an out-of-time notice of appeal. Accordingly, the Court
concludes that the untimely notice of appeal filed by Petitioner
in November 2005 was not "properly filed" for the purposes of §
2244(d)(2), and therefore, statutory tolling principles do not
apply to toll the limitations period from September 9, 2005
through April 26, 2006.

Rather, the Court concludes that because Petitioner did not
properly appeal the September 2005 denial of his second state
habeas petition, that petition only tolled the limitations period
through the thirty-day appellate period up to October 18, 2005.[5]

_____

[5] The Court notes that the State failed to include the
thirty-day appellate period in its tolling computation related to
Petitioner's second and third state habeas petitions. See (D.I.
16.) Additionally, in his motion to voluntarily dismiss his
post-conviction appeal of the Superior Court's denial of his
second state habeas petition, Petitioner concedes that a Rule 61
motion was the proper vehicle for pursuing his grounds for
relief, not a state habeas petition. Given this concession on

11

The limitations clock started to run again on October 19, 2005, and ran until Petitioner filed his third state petition for a writ of habeas corpus on October 26, 2005 (C.A. No. 05M-10-085). The Superior Court denied the third petition on October 27, 2005, and once again, because Petitioner did not appeal that decision, the limitations period only remained tolled through November 26, 2005, the day on which the thirty-day appellate period expired.[6]

The AEDPA's limitations clock resumed running on November 27, 2005, and ran another sixty-two days without interruption until it expired on January 27, 2006. Any state court filings by Petitioner that occurred after January 27, 2006, including the filing of Petitioner's Rule 61 motion on June 13, 2006, have no

___

Petitioner's part, the Court questions whether the second habeas petition constituted the type of "application for collateral review" that can trigger statutory tolling under § 2244(d)(2). Nevertheless, the Court will assume, without deciding, that all of Petitioner's state habeas petitions qualify for statutory tolling under § 2244(d)(2).

[6] The Court notes that the State fails to mention an entry on the Superior Court Criminal Docket demonstrating that Petitioner filed an appeal on December 7, 2005 from an unidentified proceeding. Given the proximity in time to the Superior Court's October 2005 denial of Petitioner's third state habeas proceeding, it would appear that the appeal may have related to that particular proceeding. However, if a notice of appeal was filed on December 7, 2005, it was filed outside the thirty-day appellate period for either of the Superior Court decisions denying Petitioner's habeas petitions. Therefore, the Court concludes that the untimely notice of appeal would not act to toll the limitations period because it was not "properly filed" for § 2244(d)(2) purposes. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

12

statutory tolling effect because they would have been filed well-
after the expiration of the AEDPA's limitations period.
Accordingly, the Court concludes that the instant Petition filed
on January 2, 2009, is time-barred, unless equitable tolling
principles apply.

## C. Equitable Tolling

The AEDPA's limitations period is subject to equitable
tolling in "appropriate cases." Holland v. Florida, -- S. Ct. --
, 2010 WL 2346549 (June 14, 2010). However, a petitioner is
"entitled to equitable tolling only if he shows (1) that he has
been pursuing his rights diligently, and (2) some extraordinary
circumstance stood in his way" and prevented timely filing." Id.
at *12. Mere excusable neglect is insufficient. Schlueter v.
Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these
principles, the Third Circuit has specifically limited equitable
tolling of AEDPA's limitations period to the following
circumstances:

(1) where the defendant (or the court) actively misled the
plaintiff;
(2) where the plaintiff was in some extraordinary way
prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights
mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225,
231 (3d Cir. 2005)(equitable tolling is appropriate where the
court misleads petitioner about steps necessary to preserve
habeas claim).

In this case, Petitioner does not allege, and the Court cannot discern, that Petitioner was actively misled, that he timely but mistakenly filed in the wrong forum, or that any extraordinary circumstances prevented him from timely filing his Petition. To the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, the Court concludes that such a mistake does not trigger equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted). Accordingly, the Court concludes that Petitioner has not demonstrated any circumstances justifying the application of equitable tolling principles, and therefore, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying or dismissing a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v.

14

McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a
habeas petition on procedural grounds without reaching the
underlying constitutional claims, the court is not required to
issue a certificate of appealability unless the petitioner
demonstrates that jurists of reason would find it debatable: (1)
whether the petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was correct in
its procedural ruling.  Id.

    The Court has concluded that Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-
barred.  The Court is persuaded that reasonable jurists would not
find this conclusion to be debatable, and therefore, the Court
declines to issue a certificate of appealability.

**IV.  CONCLUSION**

    For the reasons discussed, Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be
dismissed, and the Writ of Habeas Corpus will be denied. (D.I.
2.)

    An appropriate Order will be entered.