IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. DEANGELO, | : |
| Petitioner, | : |
| v. | : Civ. No. 09-27-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM OPINION

Pending before the Court are Petitioner Christopher J. DeAngelo's Motion to Reconsider the dismissal of his habeas Petition (D.I. 24), the State's Response (D.I. 30), and Petitioner's Reply and Amended Reply (D.I. 33; D.I. 34). For the reasons discussed, the Court will grant the Motion to Reconsider and reinstate the habeas proceeding.

### I. BACKGROUND

Petitioner Christopher J. DeAngelo filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2) seeking relief from his Delaware state conviction for second degree murder and weapons possession. On July 8, 2010, the Honorable Joseph J. Farnan, Jr. (now retired) denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 21; D.I. 22) Petitioner's notice of appeal (D.I. 23) and his "Motion to Reconsider" (D.I. 24) were docketed on August 9, 2010. Upon the Court's direction, the State filed a Response (D.I. 30), to which Petitioner filed a Reply and an Amended Reply. (D.I. 33; D.I. 34) On December 1, 2010, the Court of Appeals for the Third Circuit stayed Petitioner's appeal pending the Court's disposition of the Motion to Reconsider.

(D.I. 35)

## II. LEGAL STANDARDS

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, grounds for a Rule 60(b) motion include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief." Fed. R. Civ. P. 60(b)(1), (6). In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

In his Motion, Petitioner presents documentation from the Delaware State Courts to verify his out-of-time appeal from a state habeas petition as a way to challenge the Court's statutory tolling analysis that led to the dismissal of his Petition as time-barred. Petitioner has not identified the authority by which he is seeking reconsideration.

The State contends that the Motion should be construed as a motion for reargument under

Rule 7.1.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("Local Rule 7.1.5 "), and that it should be dismissed as untimely because it was filed more than fourteen (14) days after the entry of the judgment. D. Del. LR 7.1.5 (2010). The State alternatively argues that the Motion should be denied as meritless.

### A. Timeliness of Petitioner's Motion to Reconsider

A motion for reargument under Local Rule 7.1.5 is the functional equivalent of a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *See New Castle County v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1176-77 (3d Cir. 1991), *abrogated on other grounds by Northern Ins. Co. of N.Y. v. Aardvark Assocs., Inc.*, 942 F.2d 189 (3d Cir. 1991). In turn, "a postjudgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the [time] period allowed for a Rule 59(e) motion." *U.S. ex rel McAllen v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001).

Applying the aforementioned principles, the Court concludes that Petitioner has presented a timely Rule 59(e) motion. By arguing that the documentation from the Delaware State Courts verifying his out-of-time appeal demonstrates that statutory tolling should render the Petition timely filed, Petitioner is attempting to relitigate the original issue of timeliness and allege legal error on the Court's part. This contention is the type of argument typically considered under Rule 59(e).

Pursuant to the prison mailbox rule, the Court views July 27, 2010 as the filing date of the

3

Motion, because that is the date identified in Petitioner's certificate of mailing.[1] Insofar as there were still ten (10) days remaining in Rule 59(e)'s twenty-eight (28) day filing period as of July 27, 2010, the instant Motion is timely. Consequently, the Court must determine if the Motion presents any grounds warranting reconsideration of the July 2010 decision dismissing the Petition as time-barred.

### B. Merits of Motion to Reconsider

In his Petition, Petitioner asserted that he was granted permission to file an out-of-time appeal from the denial of his second state habeas petition. As a result, Petitioner argued that the limitations period was tolled from the date he filed the second state habeas petition, September 9, 2005, through the date on which the appeal was voluntarily withdrawn, April 26, 2006.[2]

In its July 2010 Memorandum Opinion, the Court stated that, **if Petitioner's statutory tolling argument was correct**, and that particular period of statutory tolling was added to the other periods of statutory tolling, then the Court would have to conclude that the Petition was

---

[1] *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (explaining that, under prison mailbox rule, date on which prisoner transmits documents to prison authority is considered actual filing date); *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

[2] The State contends that none of Petitioner's state habeas petitions trigger statutory tolling under 28 U.S.C. § 2244(d)(2), because, in Delaware, a petition for a writ of habeas corpus cannot be used to challenged the validity of an inmate's conviction or sentence; rather, "state habeas corpus provides only the limited opportunity for a person illegally confined or incarcerated to obtain judicial review of the *jurisdiction* of the court ordering the commitment." (D.I. 30 at 2-3) (emphasis in original) The Court is not persuaded. In *Wall v. Kholi*, _U.S. _, 131 S.Ct. 1278, (2011), the State of Rhode Island argued that a Rule 35 motion to reduce sentence filed pursuant to Rhode Island law does not constitute an application for collateral review under § 2244(d)(2), because such motions do not challenge the "lawfulness" of a prior judgment. *Id.* at 1287. The Supreme Court rejected this argument and held that the term "collateral review" as contemplated by § 2244(d)(2) "refers to judicial review that occurs in a proceeding outside of the direct review process." *Id.* at 1289. A petition for writ of habeas corpus in Delaware appears to fall within the ambit of the Supreme Court's broad definition of an application for collateral review.

timely filed on January 2, 2009. Nevertheless, the Court rejected Petitioner's statutory tolling argument as incorrect for two reasons. First, the Court noted that there was no definitive evidence demonstrating that Petitioner had been granted permission to file an out-of-time appeal from his second state habeas petition. Next, the Court explained that, even if Petitioner had been granted such permission, it still would not be the case that the entire period from September 9, 2005 through April 26, 2006 would be subject to statutory tolling, because there were smaller periods within that larger period when there was nothing pending before the Delaware State Courts. Thus, after computing the relevant periods of statutory tolling, the Court held that statutory tolling did not render the Petition timely filed.

In his Motion to Reconsider, Petitioner reasserts the same statutory tolling argument, but supports it with documentation showing that: (1) he filed his request for permission to file an out-of-time appeal in the Delaware Supreme Court on November 21, 2005; and (2) the Delaware Supreme Court granted such permission on December 5, 2005. The State has provided the same documentation. Therefore, Petitioner has definitively established that he was granted permission to file an out-of-time appeal from the denial his second state habeas petition.

The issue presently before the Court is identical to the issue before the Court in July 2010, namely, how to properly compute the periods of statutory tolling between September 9, 2005 and April 26, 2006. As noted in the Court's July 2010 Memorandum Opinion, "the granting of an out-of-time post-conviction appeal does not erase the time-period during which there was no application for post-conviction review pending before the state courts." (D.I. 21, p.10 n.4); *see also Streu v. Dormire*, 557 F.3d 960, 966-67 (8th Cir. 2009). Consequently, Petitioner's newly provided documentation does not change the Court's determination that

5

Petitioner's "out-of-time" appeal regarding his second state habeas petition does not toll the *entire* limitations period from September 9, 2005 – the date on which he filed his second state habeas petition – through April 26, 2006 – the date on which the Delaware Supreme Court granted Petitioner's voluntary withdrawal of the appeal.

Specifically, even after the Court includes the statutory tolling effectuated by Petitioner's out-of-time appeal from his second state habeas petition, there still was nothing "pending" before the Delaware State Courts between October 12, 2005[3] – the date on which the thirty (30) day appeal period from the denial of his second state habeas petition expired – and October 26, 2005, the date on which Petitioner filed his third state habeas petition.

However, having determined that the newly presented documentation clearly establishes the fact that Petitioner was granted permission to file an out-of-time appeal, the Court is now faced with two alternate "trigger" dates for the statutory tolling effectuated by Petitioner's out-of-time appeal: the actual filing date of the request itself, November 21, 2005, or the date on which the Delaware Supreme Court granted the request, December 5, 2005. *See Streu*, 557 F.3d at 966-67. Presuming that the request was "pending" as of the date of filing, the Court will exercise prudence and use the earlier date, November 21, 2005. The Court recalculates the statutory tolling effectuated in this case as follows:

    (1)    Petitioner's conviction became final on September 17, 2003.

---

[3]The Court notes that the July 2010 Memorandum Opinion incorrectly computes the amount of tolling that should be attributed to the filing of the second state habeas petition. Specifically, the July 2010 Memorandum Opinion states that the thirty (30) day appeal period from the second state habeas petition expired on October 18, 2005. However, because the Superior Court denied the second state habeas petition on September 12, 2005, the thirty (30) appeal period actually expired on October 12, 2005, not on October 18, 2005. The difference is six (6) less days of statutory tolling.

(2) Petitioner filed his first state habeas petition on February 23, 2004. Therefore, the one-year statute of limitations ran from September 18, 2003 through February 22, 2004. That is, the limitations period ran for **158** days.

(3) That first state habeas petition tolled the limitations period from February 23, 2004 through April 25, 2005,[4] which included the thirty (30) days Petitioner had to appeal the Superior Court's re-sentencing of March 24, 2005.

(4) The limitations clock started to run again on April 26, 2005, and continued to run through September 8, 2005, as Petitioner filed his second state habeas petition on September 9, 2005. Thus, this second period in which the clock was running lasted **136** days (April 26, 2005 - September 8, 2005).

(5) The Superior Court denied the second state habeas petition on September 12, 2005. Even though Petitioner did not file a timely appeal from that decision, the second state habeas petition tolled the limitations clock through the thirty (30) day appellate period to October 12, 2005.

(6) The limitations clock started to run again on October 13, 2005 and ran until Petitioner filed his third state habeas petition on October 26, 2005. Between October 13, 2005 and October 25, 2005, Petitioner had no habeas action or appeal pending before the Delaware State Courts. This created a third period in which the clock was running, this period lasting **13 days**.

(7) The Superior Court denied the third petition on October 27, 2005 and,

---

[4]The thirty (30) period actually expired on April 23, 2005, which was a Saturday. Therefore, pursuant to Del. Sup. C. R. 11(a), the appeal period was extended through April 25, 2005, a Monday.

once again, even though Petitioner did not appeal that decision, the limitations period remained tolled for the following thirty (30) days, through November 26, 2005.

(8) In the meantime, because Petitioner was granted permission to file an out-of-time appeal from his second state habeas petition, AEDPA's limitations period was also tolled by virtue of the pendency of that appeal. It is debatable whether the tolling period resulting from the out-of-time appeal from the second state habeas petition should begin on November 21, 2005 – the date on which Petitioner filed his motion for permission to file an out-of-time appeal – or only from December 5, 2005 – the date on which the Delaware Supreme Court granted that request. Giving the Petitioner the benefit of the earlier date has the effect of continuing the tolling continuously from October 27, 2005 (see (7) above) through April 26, 2006, the date of the Delaware Supreme Court's mandate dismissing the appeal.

(9) The limitations clock started to run again on April 27, 2006, and ran until Petitioner filed his Rule 61 motion on June 13, 2006. Thus, the clock ran another **47** days.

(10) The Rule 61 motion tolled the limitations period from June 13, 2006 through December 22, 2008, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion.

(11) The limitations clock began to run again on December 23, 2008. It continued to run until January 2, 2009, when Petitioner filed the petition in this Court. Thus, the clock ran for an additional **10** days.

Thus, only **364 days** had run on Petitioner's one-year statute of limitations period when he filed the instant Petition on January 2, 2009. Accordingly, the Petition is timely.

## IV. CONCLUSION

For the aforementioned reasons, the Court will grant Petitioner's Motion to Reconsider. In light of this decision, the Court will vacate the July 8, 2010 Memorandum Opinion and Order dismissing the Petition as time-barred, reinstate the instant action, and review the briefings previously filed by the parties to determine if habeas relief is warranted in this case.

A separate Order will be entered.